(No. 1097—)

GENEVA BEARD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1928.*
*Rehearing denied March 11, 1931.*

R. J. Branson, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagleton, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court.

The claimant is bringing action here for damages on account of injuries received while riding as a passenger in an automobile near Chester, Illinois, in Sec. 75 of Hard Road No. 3. She claims she left her home at six-thirty or seven o'clock in the evening on Oct. 11th, 1924, on her way to a carnival. On the way back about two miles out of Chester on the same evening on hard road Route No. 3, she claims that the car in which she was riding ran into a stump that was in the center of the pavement which caused the car to turn over and resulted in breaking the right leg of the claimant. The accident is of course a regrettable one. The claimant alleges there was no light on the stump in question and that the stump was placed there by one of the engineers in charge of the work and it is further alleged by claimant that this road was open for local travel by the State of Illinois through orders of Mr. Sewell, State engineer, the State engineer in charge of the construction of this new road. It appears however by the declaration of claimant that because of piles of gravel having been placed on the right side of pavement, the driver of said touring car was obliged to drive on the left side of said pavement. This thought suggests to this court the fact that claimant or the driver of her car should be placed upon his guard to use every possible caution in attempting to travel upon this road, and it appears from the record in the testimony of Mr. Midgaas who was charged with placing this stump on the highway, that he did not place any stump of any kind in any place on the highway excepting one stump in the middle of said road and placed a sign on which it said, "Barricade—400 feet" or "Slow" on that stump.

This court is impressed with the fact that the building

of a great highway system entails a good many difficulties and we understand the anxiety of the public to travel over a new road as early as possible, but we are impressed from the record that in view of the fact of the gravel or other road material being on the road, that any person travelling over such road should be filled with the highest caution and it would seem that if a driver exercised a caution that should be required on a new road of this character that he might observe an obstruction of this kind, and from the record we are also of the opinion that this road had not been taken over by the State through its Department of Public Works and Buildings, and that being the case the State would not be liable according to our judgment.

Therefore taking the entire record into consideration this court is of the opinion that this claim should be disallowed.

On March 11, 1931, upon petition for rehearing the following additional opinion was filed:

This claim coming on for rehearing and the court after consideration of the petition for rehearing finds no good reason to change the opinion heretofore entered. Therefore the petition for rehearing is denied.